**Milford DAVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–97–00376–CR**

Court of Appeals of Texas,
Dallas.

Dec. 16, 1998.

Robert P. Abbott, Attorney at Law, Coppell, for Appellant.

Wendy Koster, Assistant District Attorney, Dallas, for State.

Before Chief Justice THOMAS and Justices KINKEADE and MALONEY.

## OPINION

FRANCES MALONEY, Justice.

The jury convicted Milford Davey of assault of a public servant, a third degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (Vernon 1994 & Supp.1998). The trial court found the enhancement paragraph true and assessed a fifteen-year sentence pursuant to a punishment agreement between appellant and the State. In his sole point of error, appellant contends the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

## BACKGROUND

In February 1996, appellant was incarcerated in Dallas County, Texas. During his confinement, two uniformed detention service officers, a male and a female, escorted appellant from his cell to the gym. As the detention service officers were returning appellant to his cell, an altercation involving appellant and the detention service officers occurred. Both detention service officers testified that appellant began struggling with and kicked each of them. Appellant, however, claimed the male detention service officer instigated the incident by using excessive force and the female detention service officer was not involved in the initial struggle.

## SUFFICIENCY OF THE EVIDENCE

In his sole point of error, appellant contends he is entitled to acquittal because the evidence is legally insufficient to prove the complainant's identity. Specifically, appellant maintains that no testimony existed to show that Detention Service Officer Osborne's first initial was "M." as alleged in the indictment.

### 1. Standard of Review

When reviewing a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Turner v. State,* 805 S.W.2d 423, 427 (Tex. Crim.App.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The factfinder is the sole judge of the witnesses' credibility and their testimony's weight. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex. Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The factfinder may reject all or part of any witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The factfinder may draw reasonable

# 54

inferences from basic to ultimate facts. *Sterry v. State*, 959 S.W.2d 249, 255 (Tex.App.—Dallas 1997, no pet.). We do not disturb the factfinder's decision unless it is irrational or supported by only a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

### 2. Application of Law to the Facts

■ The indictment alleged that appellant did:

unlawfully, then and there, intentionally and knowingly cause bodily injury to another, namely: M. Osborne, hereinafter called complainant, by kicking said complainant with his foot and said complainant at the time of said offense and assault was a public servant, namely: a Detention Officer for the Dallas County Sheriff's Department, which the defendant knew, and said complainant was discharging an official duty and defendant knew said complainant was a public servant. . . .

The jury charge tracked the indictment.

An officer Osborne testified. She identified herself as "Detention Service Officer Osborne." On February 4, 1996, she and Billy Fetter, another detention service officer, took appellant to and from the gym. As she and Fetter were returning appellant to his cell, appellant began struggling. During the struggle, appellant kicked her in the chest.

Osborne also testified that she saw appellant one other time between the February 4, 1996 incident and trial. As Osborne was talking to another inmate, appellant asked the inmate to whom he was talking. When the inmate said he was talking to "Officer Osborne," appellant responded, "She's the one that's holding a grudge against me."

Fetter testified that he and "Officer Osborne" escorted appellant to and from the gym on February 4, 1996, and were involved in an altercation with appellant. Detention Service Officer W. Clifton testified that on February 4, 1996, he was working in the jail. During his shift, he received an officer assistance call from "Officer Osborne," and assisted "Ms. Osborne" in restraining appellant.

Appellant testified in his defense. He identified the female detention service officer who escorted him from the gym as "Ms. Osborne." He learned her name when he received a copy of the indictment. When asked, "And this incident with Officers Fetter and Osborne took place on February 4th, 1996," appellant responded, "Yes, it did."

We conclude any rational factfinder could have found beyond a reasonable doubt from the above evidence that the detention service officer Osborne who testified at trial was the complainant, "M. Osborne," the detention officer alleged in the indictment.

Appellant relies on *Grant v. State*, 944 S.W.2d 499 (Tex.App.—Beaumont 1997), *rev'd*, 970 S.W.2d 22, 22–23 (Tex.Crim.App. 1998), to support his claim of fatal variance. Appellant misplaces his reliance. The court of criminal appeals reversed the Beaumont court's opinion and concluded that *Grant* involved a pleading defect rather than a variance. *See Grant*, 970 S.W.2d at 22–23.

■ Even if we treat the State's proof of "Ms. Osborne," "Detention Services Officer Osborne," and "Officer Osborne" as a variance from the "M. Osborne" alleged, the variance does not require reversal.[1] Rule 44.2 of the Texas Rules of Appellate Procedure provides that any "error, defect, irregularity, or *variance*" other than a constitutional error that does not affect the appellant's substantial rights must be disregarded. TEX.R.APP. P. 44.2(b) (emphasis added) (effective Sept. 1, 1997); *see generally* 42 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 31.83 (Supp.1998) (discussing effect of new appellate rules on variance materiality review).

Additionally, appellate review requires that we do a harm analysis in every criminal case. *See Matchett v. State*, 941 S.W.2d 922, 928 (Tex. Crim.App.1996), *cert. denied*, 521 U.S. 1107, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997).

---

1. We agree with the State that *Stewart v. State*, 31 Tex.Crim. 153, 19 S.W. 908, 908 (Tex.Ct.App. 1892) (citing *Perry v. State*, 4 Tex.Ct.App. 566, 567 (1878)), is distinguishable from the instant case because it was decided before the adoption of the *Jackson v. Virginia* standard of review.

■ The code of criminal procedure requires that the indictment "state one or more of the initials of the given name and the surname" of a person necessary to be stated in the indictment. TEX.CODE CRIM. PROC. ANN. art. 21.07 (Vernon Supp.1998). This pleading requirement, like other pleading specificity requirements, serves to put the defendant on notice of the charges against which he must defend and to protect him from future prosecutions for the same offense. *See Plessinger v. State,* 536 S.W.2d 380, 382 (Tex.Crim.App.1976). Here, appellant, when testifying, recognized "Ms. Osborne" as the female detention service officer present during the February 4, 1996 altercation. Appellant's and Osborne's testimony demonstrates he had notice of the charges against which he was to defend. Accordingly, the variance, if any, between the allegation of "M. Osborne" and the proof of "Ms. Osborne," "Detention Services Officer Osborne," and "Officer Osborne" did not affect a substantial right of appellant.[2] We overrule appellant's point of error.

We affirm the trial court's judgment.

**2.** Even if we were to review this case under the prior law, we would conclude that the variance, if any, was not material because appellant was not surprised or prejudiced by the variance. *See Stevens v. State,* 891 S.W.2d 649, 650–51 (Tex. Crim.App.1995) (alleging an obvious pseudonym and proving the complainant's legal name at trial was not a material variance where the record clearly demonstrated that Stevens was not surprised and his rights were not prejudiced by the variance); *Aliff v. State,* 627 S.W.2d 166, 171 (Tex.Crim.App.1982) ("[A] variance between the allegation and the proof of the middle name or initial is neither material nor fatal."); *Carrillo v. State,* 591 S.W.2d 876, 885 (Tex.Crim.App. [Panel Op.] 1979) (holding that a variance between "Ken Bercaw" alleged and "M. K. Bercaw" proved was not material), *overruled on other grounds by Reed v. State,* 744 S.W.2d 112, 125 n. 10 (Tex.Crim.App.1988).