TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00608-CR







Stephen Stoeltje, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0993033, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING










 Appellant Stephen Stoeltje was convicted of the offense of aggravated sexual assault
of a child. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (West Supp. 2000). In assessing
appellant's punishment, the jury found that appellant had been twice convicted for indecency with
a child and that the primary offense was committed after September 1, 1997; therefore, the
punishment is life imprisonment. See Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (B)(ii), (West
Supp. 2000). Appellant's points of error all relate to the punishment phase of trial and the relief
sought is a new trial on punishment. We will overrule appellant's points of error and affirm the
judgment.(1)

 Appellant first complains that the trial court erred in giving the State permission to
amend the enhancement paragraphs of the indictment after the punishment phase of the trial had
begun, in violation of Article 28.10(b) of the Texas Code of Criminal Procedure. The record
shows that the indictment was not actually physically altered.(2) In the enhancement paragraphs of
the indictment, the State alleged that appellant had been twice convicted of the offense of
"indecency with a child by contact." The trial court allowed the State to abandon the words of the
pleading "by contact." The abandonment of part of a pleading is not an amendment of the pleading
and is not subject to the requirements of Article 28.10. See Eastep v. State, 941 S.W.2d 130, 133
(Tex. Crim. App. 1997). Appellant's first point of error is overruled.

 In his second and third points of error, appellant asserts that the evidence is legally
and factually insufficient to support the enhancement allegations of the indictment. The claimed
insufficiency of evidence results from a variance between the allegations of the indictment and the
recitations of the judgments offered to prove the allegations. To enhance appellant's punishment,
the State alleged appellant's two prior convictions for "indecency with a child by contact" and that
those convictions had become final before the commission of the primary offense. At the
punishment phase of trial, appellant refused to plead to the enhancement allegations, and the trial
court entered pleas of not true for appellant. When the State offered the prior conviction
judgments in evidence, appellant objected to their admission because the judgments did not state
that the offense of indecency with a child was "by contact" as alleged. The trial court reasoned
that the offense alleged was indecency with a child regardless of whether it was by means of
contact or by exposure; therefore, the variance was harmless. The court overruled appellant's
objection and admitted the judgments in evidence for the jury's consideration. Thereafter, out of
the presence of the jury, the State moved the court to allow the abandonment of the allegation that
the offenses were committed "by contact." The court granted the motion, and the jury charge 
omitted the words "by contact."

 Even if allowing the abandonment of the words "by contact" is considered
erroneous, reversible error is not shown. Any error, defect, irregularity, or variance, other than
constitutional error, that does not affect a defendant's substantial rights must be disregarded. See
Tex. R. App. P. 44.2(b) (effective September 1, 1997). Even before the effective date of Rule
44.2(b), the strict rule against a variance between enhancement pleadings and proof had been
relaxed. "[T]he rigid rule that a mere or slight variance between what was alleged and what was
proved was sufficient to render the evidence insufficient no longer applies." Human v. State, 749
S.W.2d 832, 836 (Tex. Crim. App. 1988). See Freda v. State, 704 S.W.2d 41, 43 (Tex. Crim.
App. 1986) (variance between "felony bank robbery" and "conspiracy to commit bank robbery"
not fatal); Williams v. State, 980 S.W.2d 222, 226-27 (Tex. App.--Houston [14th Dist.] 1998, pet.
ref'd) (variance between "grand theft auto" and "taking a vehicle without consent" not fatal). Rule
44.2(b) applies to variances between pleading and proof. See Davey v. State, 989 S.W.2d 52, 54-55 (Tex. App.--Dallas 1998, no pet.). Here, there has been no showing of surprise by appellant
in regard to the variance claimed. The variance between the allegations "indecency with a child
by contact" and proof of "indecency with a child" did not affect appellant's substantial rights and
must therefore be disregarded. The evidence is legally and factually sufficient to support the
jury's verdict. Appellant's second and third points of error are overruled. 

 In his fourth point of error, appellant insists that the "State improperly enhanced
appellant's conviction for aggravated sexual assault because appellant's prior convictions were not
final." The Taylor County convictions alleged for enhancement of punishment were for the
offense of indecency with a child, violations of section 21.11 of the Penal Code, in which
appellant entered pleas of guilty. His punishment in each of those cases was assessed at
imprisonment for ten years; imposition of the sentence was suspended and appellant was granted
probation. The State conceded that appellant's probation had not been revoked and that therefore,
the convictions were not final.

 Generally, convictions used for enhancement of punishment must be final
convictions. See, e.g., Ex parte Langley, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); Harvey
v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). However, the Penal Code provides that
a defendant shall be punished by life imprisonment if the defendant is convicted of aggravated
sexual assault of a child and the defendant has been previously convicted of the offense of
indecency with a child. See Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (B)(ii) (West Supp. 2000). 
The Penal Code further provides that the prior conviction for indecency with a child need not be
a final conviction. See id. § 12.42(g)(1).(3)

 The finding of the jury that appellant was guilty of the primary offense of
aggravated sexual assault of a child, that the offense was committed after September 1, 1997, and
that appellant had previously been convicted of the offenses of indecency with a child, even though
appellant was granted probation and those convictions were not final, required punishment of life
imprisonment. Appellant's fourth point of error is overruled.

 The judgments are affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: October 19, 2000

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
 See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. Appellant also appeals from his convictions on counts of indecency with a child by
exposure and by contact. See Tex. Penal Code Ann. § 21.11(a)(1)(2) (West Supp. 2000). The
jury assessed punishment for indecency with a child by contact at imprisonment for twenty years
and for indecency with a child by exposure at imprisonment for ten years. The jury was not
instructed to apply the enhancement allegations to these offenses. Appellant requests no relief
from his convictions on these counts and the judgments will be affirmed.
2. At the time of trial and at the time appellate briefs were filed, an indictment could only
be amended by physically altering the original indictment. See Ward v. State, 829 S.W.2d 787,
793 (Tex. Crim. App. 1992). "However, to the extent Ward v. State, and those cases relying upon
it, require physical interlineation of the original indictment as the only means to accomplish an
amendment, those cases are overruled." Riney v. State, No. 800-99, slip op. at 7 (Tex. Crim.
App. Oct. 4, 2000).
3. Section 12.42 (g)(1) provides that for the purposes of Subsection (c)(2): 


A defendant has been previously convicted of an offense listed under
Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or
entered a plea of guilty or nolo contendere in return for a grant of deferred
adjudication, regardless of whether the sentence for the offense was ever
imposed or whether the sentence was probated and the defendant was
subsequently discharged from community supervision.




ce between "grand theft auto" and "taking a vehicle without consent" not fatal). Rule
44.2(b) applies to variances between pleading and proof. See Davey v. State, 989 S.W.2d 52, 54-55 (Tex. App.--Dallas 1998, no pet.). Here, there has been no showing of surprise by appellant
in regard to the variance claimed. The variance between the allegations "indecency with a child
by contact" and proof of "indecency with a child" did not affect appellant's substantial rights and
must therefore be disregarded. The evidence is legally and factually sufficient to support the
jury's verdict. Appellant's second and third points of error are overruled. 

 In his fourth point of error, appellant insists that the "State improperly enhanced
appellant's conviction for aggravated sexual assault because appellant's prior convictions were not
final." The Taylor County convictions alleged for enhancement of punishment were for the
offense of indecency with a child, violations of section 21.11 of the Penal Code, in which
appellant entered pleas of guilty. His punishment in each of those cases was assessed at
imprisonment for ten years; imposition of the sentence was suspended and appellant was granted
probation. The State conceded that appellant's probation had not been revoked and that therefore,
the convictions were not final.

 Generally, convictions used for enhancement of punishment must be final
convictions. See, e.g., Ex parte Langley, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); Harvey
v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). However, the Penal Code provides that
a defendant shall be punished by life imprisonment if the defendant is convicted of aggravated
sexual assault of a child and the defendant has been previously convicted of the offense of
indecency with a child. See Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (B)(ii) (West Supp. 2000). 
The Penal Code further provides that the prior conviction for indecency with a child need not be
a final conviction. See id. § 12.42(g)(1).(3)

 The finding of the jury that appellant was guilty of the primary offense of
aggravated sexual assault of a child, that the offense was committed after September 1, 1997, and
that appellant had previously been convicted of the offenses of indecency with a child, even though
appellant was granted probation and those convictions were not final, required punishment of life
imprisonment. Appellant's fourth point of error is overruled.

 The judgments are affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: October 19, 2000

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
 See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. Appellant also appeals from his convictions on counts of indecency with a child by
exposure and by contact. See Tex. Penal Code Ann. § 21.11(a)(1)(2) (West Supp. 2000). The
jury assessed punishment for indecency with a child by contact at imprisonment for twenty years
and for indecency with a child by exposure at imprisonment for ten years. The jury was not
instructed to apply the enhancement allegations to these offenses. Appellant requests no relief
from his convictions on these counts and the judgments will be affirmed.
2. At the time of trial and at the time appellate briefs were filed, an indictment could only
be amended by physically altering the original indictment. See Ward v. State, 829 S.W.2d 787,
793 (Tex. Crim. App. 1992). "However, to the extent Ward v. State, and those cases relying upon
it, require physical interlineation of the original indictment as the only means to accomplish an
amendment, those cases are overruled." Riney v. State, No. 800-99, slip op. at 7 (Tex. Crim.
App. Oct. 4, 2000).
3. Section 12.42 (g)(1) provides that for the purposes of Subsection (c)(2): 


A defendant has been previously convicted of an offense listed under
Subsection (c)(2)(B) if the defendant was adjudged guilty of the o