# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-99-00608-CR
===============

**Stephen Stoeltje, Appellant**

**v.**

**The State of Texas, Appellee**

=================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 0993033, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING
=================================================================

Appellant Stephen Stoeltje was convicted of the offense of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (West Supp. 2000). In assessing appellant's punishment, the jury found that appellant had been twice convicted for indecency with a child and that the primary offense was committed after September 1, 1997; therefore, the punishment is life imprisonment. *See* Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (B)(ii), (West Supp. 2000). Appellant's points of error all relate to the punishment phase of trial and the relief sought is a new trial on punishment. We will overrule appellant's points of error and affirm the judgment.[1]

---

[1] Appellant also appeals from his convictions on counts of indecency with a child by exposure and by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1)(2) (West Supp. 2000). The jury assessed punishment for indecency with a child by contact at imprisonment for twenty years and for indecency with a child by exposure at imprisonment for ten years. The jury was not instructed to apply the enhancement allegations to these offenses. Appellant requests no relief from his convictions on these counts and the judgments will be affirmed.

Appellant first complains that the trial court erred in giving the State permission to amend the enhancement paragraphs of the indictment after the punishment phase of the trial had begun, in violation of Article 28.10(b) of the Texas Code of Criminal Procedure. The record shows that the indictment was not actually physically altered.[2] In the enhancement paragraphs of the indictment, the State alleged that appellant had been twice convicted of the offense of "indecency with a child by contact." The trial court allowed the State to abandon the words of the pleading "by contact." The abandonment of part of a pleading is not an amendment of the pleading and is not subject to the requirements of Article 28.10. *See Eastep v. State*, 941 S.W.2d 130, 133 (Tex. Crim. App. 1997). Appellant's first point of error is overruled.

In his second and third points of error, appellant asserts that the evidence is legally and factually insufficient to support the enhancement allegations of the indictment. The claimed insufficiency of evidence results from a variance between the allegations of the indictment and the recitations of the judgments offered to prove the allegations. To enhance appellant's punishment, the State alleged appellant's two prior convictions for "indecency with a child by contact" and that those convictions had become final before the commission of the primary offense. At the punishment phase of trial, appellant refused to plead to the enhancement allegations, and the trial court entered pleas of not true for appellant. When the State offered the prior conviction judgments in evidence, appellant objected to their admission because the judgments did not state that the offense of

---

[2] At the time of trial and at the time appellate briefs were filed, an indictment could only be amended by physically altering the original indictment. *See Ward v. State*, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992). "However, to the extent *Ward v. State*, and those cases relying upon it, require physical interlineation of the original indictment as the only means to accomplish an amendment, those cases are overruled." *Riney v. State*, No. 800-99, slip op. at 7 (Tex. Crim. App. Oct. 4, 2000).

indecency with a child was "by contact" as alleged. The trial court reasoned that the offense alleged was indecency with a child regardless of whether it was by means of contact or by exposure; therefore, the variance was harmless. The court overruled appellant's objection and admitted the judgments in evidence for the jury's consideration. Thereafter, out of the presence of the jury, the State moved the court to allow the abandonment of the allegation that the offenses were committed "by contact." The court granted the motion, and the jury charge omitted the words "by contact."

Even if allowing the abandonment of the words "by contact" is considered erroneous, reversible error is not shown. Any error, defect, irregularity, or variance, other than constitutional error, that does not affect a defendant's substantial rights must be disregarded. *See* Tex. R. App. P. 44.2(b) (effective September 1, 1997). Even before the effective date of Rule 44.2(b), the strict rule against a variance between enhancement pleadings and proof had been relaxed. "[T]he rigid rule that a mere or slight variance between what was alleged and what was proved was sufficient to render the evidence insufficient no longer applies." *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). *See Freda v. State*, 704 S.W.2d 41, 43 (Tex. Crim. App. 1986) (variance between "felony bank robbery" and "conspiracy to commit bank robbery" not fatal); *Williams v. State*, 980 S.W.2d 222, 226-27 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (variance between "grand theft auto" and "taking a vehicle without consent" not fatal). Rule 44.2(b) applies to variances between pleading and proof. *See Davey v. State*, 989 S.W.2d 52, 54-55 (Tex. App.—Dallas 1998, no pet.). Here, there has been no showing of surprise by appellant in regard to the variance claimed. The variance between the allegations "indecency with a child by contact" and proof of "indecency with a child" did not affect appellant's substantial rights and must therefore be disregarded. The evidence is legally

3

and factually sufficient to support the jury's verdict. Appellant's second and third points of error are overruled.

In his fourth point of error, appellant insists that the "State improperly enhanced appellant's conviction for aggravated sexual assault because appellant's prior convictions were not final." The Taylor County convictions alleged for enhancement of punishment were for the offense of indecency with a child, violations of section 21.11 of the Penal Code, in which appellant entered pleas of guilty. His punishment in each of those cases was assessed at imprisonment for ten years; imposition of the sentence was suspended and appellant was granted probation. The State conceded that appellant's probation had not been revoked and that therefore, the convictions were not final.

Generally, convictions used for enhancement of punishment must be final convictions. *See*, *e.g.*, *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). However, the Penal Code provides that a defendant shall be punished by life imprisonment if the defendant is convicted of aggravated sexual assault of a child and the defendant has been previously convicted of the offense of indecency with a child. *See* Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (B)(ii) (West Supp. 2000). The Penal Code further provides that the prior conviction for indecency with a child need not be a final conviction. *See id*. § 12.42(g)(1).[3]

---

[3] Section 12.42 (g)(1) provides that for the purposes of Subsection (c)(2):

> A defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.

4

The finding of the jury that appellant was guilty of the primary offense of aggravated sexual assault of a child, that the offense was committed after September 1, 1997, and that appellant had previously been convicted of the offenses of indecency with a child, even though appellant was granted probation and those convictions were not final, required punishment of life imprisonment. Appellant's fourth point of error is overruled.

The judgments are affirmed.

_____
_____Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally[*]

Affirmed

Filed: October 19, 2000

Do Not Publish

_____

[*] Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).