# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## NO. 03-99-00610-CR

========================

**Brian Kevin Jones, Appellant**

**v.**

**The State of Texas, Appellee**

========================================================================

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 0992796, HONORABLE FRED A. MOORE, JUDGE PRESIDING

========================================================================

Appellant Brian Kevin Jones was convicted of the offense of sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2000). In assessing appellant's punishment, the jury found that appellant had previously been convicted in the State of Virginia for the offense of rape. Therefore, the appellant's punishment is mandatory imprisonment for life. *See* Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii), (c)(2)(B)(v), (g)(1), (g)(2) (West Supp. 2000).

In eight points of error, appellant contends that: (1) the evidence is factually insufficient to support the jury's verdict; (2) the State failed to give proper notice of the punishment sought; (3) the evidence does not support the punishment assessed; (4) he received ineffective assistance of counsel; and (5) the punishment assessed was cruel or unusual. We will overrule appellant's points of error and affirm the judgment.

Appellant's eighth point of error is stated in question form: "Was the evidence in this case factually insufficient to support a finding of guilt? (Entire Record)." Because

appellant has failed to further brief this point of error, it is not properly presented for appellate review; it will be overruled. *See* Tex. R. App. P. 38.1(h); *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); *Huerta v. State*, 933 S.W.2d 648, 650 (Tex. App.—San Antonio 1996, no pet.).

In his first and second points of error, appellant complains that he was not given notice by the allegations of the indictment that the State was seeking punishment of mandatory life imprisonment; therefore, the jury charge that allowed punishment of mandatory life imprisonment deprived him of his state constitutional right to due course of law and violated Article 36.14 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2000).

The Penal Code as it relates to this case provides that a defendant shall be punished by imprisonment for life if the defendant is convicted of sexual assault and the defendant has been previously convicted under the laws of another state of an offense containing elements that are substantially similar to the elements of the offense of sexual assault. *See* Tex. Penal Code Ann. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii), (v) (West Supp. 2000).

Appellant was convicted of the primary offense of sexual assault. One of the three prior convictions alleged to enhance appellant's punishment was that appellant had been convicted "of Rape, on April 11, 1989, in Cause Number CR 89-143 in the Circuit Court of the City of Roanoke, Virginia." Appellant argues that because the State failed to allege that the offense of "rape" was "substantially similar" to the offense of "sexual assault," the pleading failed to give him notice that the State was seeking punishment of mandatory life imprisonment.

2

"Rape" has been defined as "the unlawful carnal knowledge of a woman by a man forcibly against her will." *Black's Law Dictionary* 1260 (West 6th ed. 1990). The offense of rape contains elements that are substantially similar to the elements of sexual assault. We hold that rape and sexual assault are offenses that are substantially similar as a matter of law. It was unnecessary for the State to allege that these offenses were substantially similar in order to give appellant notice that the punishment could be mandatory life imprisonment. The trial court did not err in charging the jury. Appellant's first and second points of error are overruled.

In his third point of error, appellant declares that he did not have effective assistance of counsel. The jury charge on punishment allowed for punishment of mandatory life imprisonment. Appellant contends that counsel was ineffective because he failed to object to that charge on the ground that the State's pleading failed to give notice that the State was seeking punishment of mandatory life imprisonment. We have held that the notice given appellant by the State's pleading was sufficient. Therefore, counsel was not ineffective because he failed to object to the jury charge on the lack-of-notice ground. Appellant's third point of error is overruled.

In his fourth point of error, appellant urges that the "trial court erred in submitting the question to the jury of whether appellant was the same person who was finally convicted of felonies in Virginia for purposes of enhancement when the evidence was legally insufficient to prove that either of the convictions had become final as alleged."[1] Appellant's contention is not

---

[1] In addition to alleging the prior rape conviction, the State alleged that appellant had previously been convicted in Virginia of the offense of credit card theft. The jury did not make any finding on whether appellant had been convicted of credit card theft.

3

that he was not the person convicted of rape in Virginia; his contention is that there was a variance between the allegation that the rape conviction was a final conviction and the failure of proof to show that the conviction was a final conviction. Generally, convictions used for enhancement of punishment must be final convictions. *See, e.g., Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). However, the Penal Code provides that for the purpose of assessing punishment pursuant to section 12.42(c)(2), the previous conviction need not be a final conviction. *See* Tex. Penal Code Ann. § 12.42(g)(1) (West Supp. 2000).

The jury's finding that appellant was guilty of the primary offense of sexual assault and that appellant had been previously convicted of rape in Virginia even though that conviction might not have been a final conviction required punishment of mandatory life imprisonment. Assuming that the State failed to prove that the alleged previous conviction for rape in Virginia was a final conviction, that was not a fatal variance. Any error, defect, irregularity, or variance, other than constitutional error, that does not affect a defendant's substantial rights must be disregarded. Tex. R. App. P. 44.2(b). Even before the effective date of Rule 44.2(b), the strict rule against a variance between enhancement pleadings and proof had been relaxed. "[T]he rigid rule that a mere or slight variance between what was alleged and what was proved was sufficient to render the evidence insufficient no longer applies." *Homan v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988); *see also, Freda v. State*, 704 S.W.2d 41, 43 (Tex. Crim. App. 1986); *Davey v. State*, 989 S.W.2d 52, 54-55 (Tex. App.—Dallas 1998, no

4

pet.); *Williams v. State*, 980 S.W.2d 222, 226-27 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). Appellant's complaint about the jury charge is without merit. The fourth point of error is overruled.

In his fifth point of error, appellant complains that counsel was ineffective for failing to object to this same jury charge. Having ruled that the trial court did not err in submitting the challenged jury charge, we hold that counsel's failure to object to the charge did not demonstrate ineffective assistance of counsel. The fifth point of error is overruled.

In his sixth point of error, appellant contends that his court-appointed lawyer failed to give him effective assistance because counsel failed to advise him of the possibility he could receive punishment of mandatory life imprisonment. We are unable to infer from the parts of the record designated that appellant was not counseled concerning the possibility that he faced punishment of mandatory life imprisonment. The record does not support appellant's contention. The sixth point of error is overruled.

In his seventh point of error, appellant asserts that insofar as it applies to non-aggravated sexual assaults, section 12.42(c)(2)(A), (B) of the Penal Code providing for mandatory life imprisonment violates article I, § 13 of the Texas Constitution. Appellant relies only on the state constitution, contending that the state constitution gives him greater protection than does the federal constitution. *See* U.S. Const. amend. XIII; Tex. Const. art. 1, § 13.

Appellant points out that the language of the state constitution prohibits cruel *or* unusual punishment while the federal constitution prohibits cruel *and* unusual punishment. We do not find that this difference in language in our state constitution gives any greater protection

5

against disproportionate punishment than does the Eighth Amendment. *See Francis v. State*, 877 S.W.2d 441, 443-44 (Tex. App.—Austin 1994, pet. ref'd); *Dunn v. State*, 997 S.W.2d 885, 891 (Tex. App.—Waco 1999, pet. ref'd); *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.).

Appellant urges us to follow the United States Supreme Court's analysis for determining whether punishment is disproportionate, considering (1) the gravity of the offense and the harshness of the penalty, (2) the punishment imposed on other defendants in the same jurisdiction, and (3) the punishment imposed for the commission of the same offense in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 291-92 (1983). After *Solem*, the Supreme Court decided *Harmelin v. Michigan*, 501 U.S. 957 (1991); the several opinions in that case muddied the water and left much uncertainty. The United States Court of Appeals for the Fifth Circuit has fully discussed *Solem* and *Harmelin* and concluded:

> By applying a head-count analysis, we find that seven members of the Court supported a continued Eighth Amendment guarantee against disproportional sentences. Only four justices, however, supported the continued application of all three factors in *Solem*, and five justices rejected it. Thus, this much is clear: disproportionality survives; *Solem* does not. Only Justice Kennedy's opinion reflects that view. It is to his opinion, therefore, that we turn for direction. Accordingly, we will initially make a threshold comparison of the gravity of McGruder's offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

6

Following the Fifth Circuit, we will compare the gravity of appellant's offenses against the severity of his sentence. In this case, appellant was convicted of sexual assault accomplished by physical force and violence. The jury also found appellant had previously been convicted of rape. Both offenses are substantially similar and involve physical force and violence. Both offenses are calculated to cause emotional harm to victims. The severity of punishment of mandatory life imprisonment is not disproportionate to the gravity of sexual assault and rape. We need go no further with the *Solem* analysis. *See Dunn*, 997 S.W.2d at 891.[2]

Punishment of mandatory life imprisonment under the Texas recidivist statute has been upheld by the Supreme Court. *See Rummel v. Estelle*, 445 U.S. 263, 285 (1980). In *Rummel*, the Supreme Court held that punishment of mandatory life imprisonment was not grossly disproportionate and was not cruel and unusual when the defendant had been convicted of non-violent and less serious offenses than those committed by this appellant. *Id.* at 265-66. We hold that section 12.42(c)(2)(A), (c)(2)(B) of the Texas Penal Code providing mandatory life imprisonment for non-aggravated sexual assaults does not violate article I, § 13 of the Texas Constitution. Appellant's seventh point of error is overruled.

---

[2]  Moreover, appellant has failed to furnish a record made either at trial or on the hearing of a motion for new trial that includes evidence which would allow us to compare the punishment received in this case with punishment received for similar crimes in this and other jurisdictions. The enormous task of furnishing such a record in most cases would preclude review of any more than the first step of the *Solem* analysis.

7

The judgment is affirmed.

_____
Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally[*]

Affirmed

Filed:   November 9, 2000

Do Not Publish

[*]   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. _See_ Tex. Gov't Code Ann. § 74.003(b) (West 1998).