TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00610-CR







Brian Kevin Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0992796, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 Appellant Brian Kevin Jones was convicted of the offense of sexual assault. See
Tex. Penal Code Ann. § 22.011 (West Supp. 2000). In assessing appellant's punishment, the jury
found that appellant had previously been convicted in the State of Virginia for the offense of rape. 
Therefore, the appellant's punishment is mandatory imprisonment for life. See Tex. Penal Code
Ann. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii), (c)(2)(B)(v), (g)(1), (g)(2) (West Supp. 2000).

 In eight points of error, appellant contends that: (1) the evidence is factually
insufficient to support the jury's verdict; (2) the State failed to give proper notice of the
punishment sought; (3) the evidence does not support the punishment assessed; (4) he received
ineffective assistance of counsel; and (5) the punishment assessed was cruel or unusual. We will
overrule appellant's points of error and affirm the judgment.

 Appellant's eighth point of error is stated in question form: "Was the evidence in
this case factually insufficient to support a finding of guilt? (Entire Record)." Because appellant
has failed to further brief this point of error, it is not properly presented for appellate review; it
will be overruled. See Tex. R. App. P. 38.1(h); McDuff v. State, 939 S.W.2d 607, 613 (Tex.
Crim. App. 1997); Huerta v. State, 933 S.W.2d 648, 650 (Tex. App.--San Antonio 1996, no
pet.).

 In his first and second points of error, appellant complains that he was not given
notice by the allegations of the indictment that the State was seeking punishment of mandatory life
imprisonment; therefore, the jury charge that allowed punishment of mandatory life imprisonment
deprived him of his state constitutional right to due course of law and violated Article 36.14 of the
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2000).

 The Penal Code as it relates to this case provides that a defendant shall be punished
by imprisonment for life if the defendant is convicted of sexual assault and the defendant has been
previously convicted under the laws of another state of an offense containing elements that are
substantially similar to the elements of the offense of sexual assault. See Tex. Penal Code Ann.
§ 12.42(c)(2)(A)(i), (c)(2)(B)(ii), (v) (West Supp. 2000).

 Appellant was convicted of the primary offense of sexual assault. One of the three
prior convictions alleged to enhance appellant's punishment was that appellant had been convicted
"of Rape, on April 11, 1989, in Cause Number CR 89-143 in the Circuit Court of the City of
Roanoke, Virginia." Appellant argues that because the State failed to allege that the offense of
"rape" was "substantially similar" to the offense of "sexual assault," the pleading failed to give him
notice that the State was seeking punishment of mandatory life imprisonment. "Rape" has been
defined as "the unlawful carnal knowledge of a woman by a man forcibly against her will." 
Black's Law Dictionary 1260 (West 6th ed. 1990). The offense of rape contains elements that are
substantially similar to the elements of sexual assault. We hold that rape and sexual assault are
offenses that are substantially similar as a matter of law. It was unnecessary for the State to allege
that these offenses were substantially similar in order to give appellant notice that the punishment
could be mandatory life imprisonment. The trial court did not err in charging the jury. 
Appellant's first and second points of error are overruled.

 In his third point of error, appellant declares that he did not have effective
assistance of counsel. The jury charge on punishment allowed for punishment of mandatory life
imprisonment. Appellant contends that counsel was ineffective because he failed to object to that
charge on the ground that the State's pleading failed to give notice that the State was seeking
punishment of mandatory life imprisonment. We have held that the notice given appellant by the
State's pleading was sufficient. Therefore, counsel was not ineffective because he failed to object
to the jury charge on the lack-of-notice ground. Appellant's third point of error is overruled.

 In his fourth point of error, appellant urges that the "trial court erred in submitting
the question to the jury of whether appellant was the same person who was finally convicted of
felonies in Virginia for purposes of enhancement when the evidence was legally insufficient to
prove that either of the convictions had become final as alleged."(1) Appellant's contention is not
that he was not the person convicted of rape in Virginia; his contention is that there was a variance
between the allegation that the rape conviction was a final conviction and the failure of proof to
show that the conviction was a final conviction. Generally, convictions used for enhancement of
punishment must be final convictions. See, e.g., Ex parte Langley, 833 S.W.2d 141, 143 (Tex.
Crim. App. 1992); Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); Ex parte
Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). However, the Penal Code provides
that for the purpose of assessing punishment pursuant to section 12.42(c)(2), the previous
conviction need not be a final conviction. See Tex. Penal Code Ann. § 12.42(g)(1) (West Supp.
2000).

 The jury's finding that appellant was guilty of the primary offense of sexual assault
and that appellant had been previously convicted of rape in Virginia even though that conviction
might not have been a final conviction required punishment of mandatory life imprisonment. 
Assuming that the State failed to prove that the alleged previous conviction for rape in Virginia
was a final conviction, that was not a fatal variance. Any error, defect, irregularity, or variance,
other than constitutional error, that does not affect a defendant's substantial rights must be
disregarded. Tex. R. App. P. 44.2(b). Even before the effective date of Rule 44.2(b), the strict
rule against a variance between enhancement pleadings and proof had been relaxed. "[T]he rigid
rule that a mere or slight variance between what was alleged and what was proved was sufficient
to render the evidence insufficient no longer applies." Homan v. State, 749 S.W.2d 832, 836
(Tex. Crim. App. 1988); see also, Freda v. State, 704 S.W.2d 41, 43 (Tex. Crim. App. 1986);
Davey v. State, 989 S.W.2d 52, 54-55 (Tex. App.--Dallas 1998, no pet.); Williams v. State, 980
S.W.2d 222, 226-27 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). Appellant's complaint
about the jury charge is without merit. The fourth point of error is overruled.

 In his fifth point of error, appellant complains that counsel was ineffective for
failing to object to this same jury charge. Having ruled that the trial court did not err in
submitting the challenged jury charge, we hold that counsel's failure to object to the charge did
not demonstrate ineffective assistance of counsel. The fifth point of error is overruled.

 In his sixth point of error, appellant contends that his court-appointed lawyer failed
to give him effective assistance because counsel failed to advise him of the possibility he could
receive punishment of mandatory life imprisonment. We are unable to infer from the parts of the
record designated that appellant was not counseled concerning the possibility that he faced
punishment of mandatory life imprisonment. The record does not support appellant's contention. 
The sixth point of error is overruled.

 In his seventh point of error, appellant asserts that insofar as it applies to non-aggravated sexual assaults, section 12.42(c)(2)(A), (B) of the Penal Code providing for mandatory
life imprisonment violates article I, § 13 of the Texas Constitution. Appellant relies only on the
state constitution, contending that the state constitution gives him greater protection than does the
federal constitution. See U.S. Const. amend. XIII; Tex. Const. art. 1, § 13.

 Appellant points out that the language of the state constitution prohibits cruel or
unusual punishment while the federal constitution prohibits cruel and unusual punishment. We
do not find that this difference in language in our state constitution gives any greater protection
against disproportionate punishment than does the Eighth Amendment. See Francis v. State, 877
S.W.2d 441, 443-44 (Tex. App.--Austin 1994, pet. ref'd); Dunn v. State, 997 S.W.2d 885, 891
(Tex. App.--Waco 1999, pet. ref'd); Puga v. State, 916 S.W.2d 547, 550 (Tex. App.--San
Antonio 1996, no pet.).

 Appellant urges us to follow the United States Supreme Court's analysis for
determining whether punishment is disproportionate, considering (1) the gravity of the offense and
the harshness of the penalty, (2) the punishment imposed on other defendants in the same
jurisdiction, and (3) the punishment imposed for the commission of the same offense in other
jurisdictions. Solem v. Helm, 463 U.S. 277, 291-92 (1983). After Solem, the Supreme Court
decided Harmelin v. Michigan, 501 U.S. 957 (1991); the several opinions in that case muddied
the water and left much uncertainty. The United States Court of Appeals for the Fifth Circuit has
fully discussed Solem and Harmelin and concluded:


By applying a head-count analysis, we find that seven members of the Court
supported a continued Eighth Amendment guarantee against disproportional
sentences. Only four justices, however, supported the continued application of all
three factors in Solem, and five justices rejected it. Thus, this much is clear:
disproportionality survives; Solem does not. Only Justice Kennedy's opinion
reflects that view. It is to his opinion, therefore, that we turn for direction. 
Accordingly, we will initially make a threshold comparison of the gravity of
McGruder's offenses against the severity of his sentence. Only if we infer that the
sentence is grossly disproportionate to the offense will we then consider the
remaining factors of the Solem test and compare the sentence received to (1)
sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions.



McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992).

 Following the Fifth Circuit, we will compare the gravity of appellant's offenses
against the severity of his sentence. In this case, appellant was convicted of sexual assault
accomplished by physical force and violence. The jury also found appellant had previously been
convicted of rape. Both offenses are substantially similar and involve physical force and violence. 
Both offenses are calculated to cause emotional harm to victims. The severity of punishment of
mandatory life imprisonment is not disproportionate to the gravity of sexual assault and rape. We
need go no further with the Solem analysis. See Dunn, 997 S.W.2d at 891.(2) 

 Punishment of mandatory life imprisonment under the Texas recidivist statute has
been upheld by the Supreme Court. See Rummel v. Estelle, 445 U.S. 263, 285 (1980). In
Rummel, the Supreme Court held that punishment of mandatory life imprisonment was not grossly
disproportionate and was not cruel and unusual when the defendant had been convicted of non-violent and less serious offenses than those committed by this appellant. Id. at 265-66. We hold
that section 12.42(c)(2)(A), (c)(2)(B) of the Texas Penal Code providing mandatory life
imprisonment for non-aggravated sexual assaults does not violate article I, § 13 of the Texas
Constitution. Appellant's seventh point of error is overruled.




 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: November 9, 2000

Do Not Publish























* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1.    In addition to alleging the prior rape conviction, the State alleged that appellant had
previously been convicted in Virginia of the offense of credit card theft. The jury did not make
any finding on whether appellant had been convicted of credit card theft.
2.    Moreover, appellant has failed to furnish a record made either at trial or on the hearing
of a motion for new trial that includes evidence which would allow us to compare the punishment
received in this case with punishment received for similar crimes in this and other jurisdictions. 
The enormous task of furnishing such a record in most cases would preclude review of any more
than the first step of the Solem analysis.


. Solem v. Helm, 463 U.S. 277, 291-92 (1983). After Solem, the Supreme Court
decided Harmelin v. Michigan, 501 U.S. 957 (1991); the several opinions in that case muddied
the water and left much uncertainty. The United States Court of Appeals for the Fifth Circuit has
fully discussed Solem and Harmelin and concluded:


By applying a head-count analysis, we find that seven members of the Court
supported a continued Eighth Amendment guarantee against disproportional
sentences. Only four justices, however, supported the continued application of all
three factors in Solem, and five justices rejected it. Thus, this much is clear:
disproportionality survives; Solem does not. Only Justice Kennedy's opinion
reflects that view. It is to his opinion, therefore, that we turn for direction. 
Accordingly, we will initially make a threshold comparison of the gravity of
McGruder's offenses against the severity of his sentence. Only if we infer that the
sentence is grossly disproportionate to the offense will we then consider the
remaining factors of the Solem test and compare the sentence received to (1)
sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions.



McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992).

 Following the Fifth Circuit, we will compare the gravity of appellant's offenses
against the severity of his sentence. In this case, appellant was convicted of sexual assault
accomplished by physical force and violence. The jury also found appellant had previously been
convicted of rape. Both offenses are substantially similar and involve physical force and violence. 
Both offenses are calculated to cause emotional harm to victims. The severity of punishment of
mandatory life imprisonment is not disproportionate to the gravity of sexual assault and rape. We
need go no further with the Solem analysis. See Dunn, 997 S.W.2d at 891.(2) 

 Punishment of mandatory life imprisonment under the Texas recidivist statute has
been upheld by the Supreme Court. See Rummel v. Estelle, 445 U.S. 263, 285 (1980). In
Rummel, the Supreme Court held that punishment of mandatory life imprisonment was not grossly
disproportionate and was not cruel and unusual when the defendant had been convicted of non-violent and less serious offenses than those committed by this appellant. Id. at 265-66. We hold
that section 12.42(c)(2)(A), (c)(2)(B) of the Texas Penal Code providing mandatory life
imprisonment for non-aggravated sexual assaults does not violate article I, § 13 of the Texas
Constitution. Appellant's seventh point of error is overruled.




 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: November 9, 2000

Do Not Publish























* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1.    In addition to alleging the prior rape conviction, the State alleged that appellant had
previously been convicted in Virginia of the offense of credit card theft. The jury did not make
any finding on whether appellant had been convicted of credit card theft.