## WALTER STEWART v. THE STATE.

### *No. 7954. Decided June 25.*

31 153
37 609

**1. Assault with Intent to Murder — Proof of Date of Offense.**—Where on a trial for assault with intent to commit murder the only evidence in the record as to the time of the commission of the offense was, that the difficulty occurred on the ——— day of February, the year not being stated, *held*, that it does not appear but that the offense was barred.

**2. Venue, Proof of.**—Where the only evidence of venue was, that the fight occurred in the store of one M., and that the injured party was living in Longview, *held*, that the proof of venue was not sufficient. Though this court might judicially know that Longview is the county seat of Gregg County, it could not judicially know that M.'s store was in Longview, nor draw such an inference from the fact that the injured party was living in Longview at the time.

**3. Separation of Jury.**—During the deliberation of the jury, where it was made to appear that one of their number separated from his fellows, carried a lot of bedclothes to the room of a friend on an upper floor, took a drink of whisky, and upon being asked stated that the jury had not agreed upon a verdict, *held*, that though improper and suspicious, such conduct did not warrant a reversal, it not being shown that probable injustice was done.

**4. Proof of Name of Injured Party.**—Where the indictment charged that the assault was made upon M. T. Jacobs, and the only proof was that "Mr." Jacobs was assaulted, *held*, that the proof of the name of the injured party was insufficient.

APPEAL from the District Court of Gregg. Tried below before Hon. FELIX J. McCORD.

The indictment charged appellant with assault with intent to murder one M. T. Jacobs. At the trial he was convicted and his punishment assessed at two years confinement in the penitentiary. The rulings of the court in the opinion do not require a detailed statement of the evidence.

No briefs have come to the hands of the Reporter.

SIMKINS, JUDGE.—Defendant was convicted of an assault with intent to murder, and sentenced to two years in the penitentiary, and appeals to this court. The case must be reversed on several grounds:

1. There is no proof of time. The only evidence on this point in the record is that the difficulty occurred on the —— day of February, but the year is not stated, and it does not appear but that the offense was barred. Grigsby v. The State, 9 Texas Ct. App., 51.

2. It does not appear with sufficient certainty that the offense was committed in Gregg County—it is proven that the fight in which defendant wounded Jacobs occurred in S. S. Mallison's store—unless it can be inferred from Jacobs' statement that he was living in Longview. While, under a recent decision, this court will take judicial notice of the fact that Longview is the county seat of Gregg County, yet it can not judicially know Mallison's store is in Longview, nor draw such an inference from the fact that Mr. Jacobs was living in Longview at the time he was testifying. Gonzales v. The State, 16 Texas Ct. App., 152.

3. It appears that during the deliberation of the jury, and while in the custody of two bailiffs, one of the jurors, E. P. Bass, was allowed to leave the jury room, and, unattended, convey up some bedclothes to the floor above, to the person from whom they were borrowed, then walk across the hall, while upstairs, to a friend's room, and get a drink of whisky, and, upon being asked, stated the jury had not agreed upon a verdict. This, however improper and suspicious, would not of itself warrant a reversal; it not being shown that probable injustice was done. Ogle's case, 16 Texas Ct. App., 361; Kelly v. The State, 28 Texas Ct. App., 120.

4. The indictment charges the assault to have been made on M. T. Jacobs. The only proof was that the witness " Mr." Jacobs stated he was assaulted. In the Perry case, 4 Texas Court of Appeals, 566, where the stolen property was alleged to be the property of J. W. Flanagan, and the proof was it was " Major" Flanagan's property, it was held to be insufficient.

5. We do not see any error in the charge of the court. The evidence shows that defendant and Mr. Jacobs met in Mallison's store. Defendant was under the influence of whisky; stated to the clerks, who had called him into the store, he could whip any clerk, to which witness agreed; then defendant stated that he could whip any Jew; that Mr. Jacobs at ·

once advanced on defendant with an uplifted stick, telling him he was not afraid of him, and defendant met him with his pocket knife.    They had a fight, and defendant cut him.    The court charged every phase of the case, and we find no reversible error therein.

For the errors indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.