BYRD JOHNSON V. THE STATE.

No. 1325. Decided October 25, 1911.

1.—Local Option—Charge of Court—Agency.

Where, upon trial of a violation of the local option law, the evidence raised the issue that the defendant was acting as the agent of the alleged purchaser of the intoxicating liquors, and was not interested in the sale, the court should have submitted this issue.

2.—Same—Name of Defendant—Variance.

Where the information alleged that defendant's name is Bird, describing him, and the court submitted in his charge that the defendant's name is Byrd Johnson, and there is nothing in the record to show that appellant is the man who is charged in the information, there is a substantial variance.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law. He is charged with making the sale to Frank Sapp. Both appellant and Sapp were employes of the Temple Lumber Company at Pineland, in Sabine County. Both parties were on the logging train coming in from the lumber camp to the little town of Pineland, when Sapp asked appellant if he could rustle him up some whisky when they reached Pineland. Appellant said he thought he could or would try. Nothing more was said about it until they reached Pineland and left the train. Getting off the train Sapp drew two time checks of the value of one dollar each, handed these to appellant, and told him to take the checks and get him some whisky. Appellant said he would try. He went away with the checks in his possession, and was gone something like an hour. He did not tell Sapp where he was going, nor did Sapp ask him. When appellant returned he brought a quart of alcohol. Sapp did not ask him where he got it, nor who from. Sapp says he did not ask where appellant bought the alcohol, nor did he care; that he desired to secure the intoxicating liquor. This was the only time he says he ever received any intoxicating liquor from appellant. He further states he never purchased any intoxicating liquor from appellant before nor since the above transaction. Appellant was brakeman on the above named lumber company's log train. Appellant took the stand in his own behalf. He says he was brakeman on the Temple Lumber Company's log train, and had been working in that capacity for about twelve months; that the foreman of the company is named Gilchrist. Appellant knew Mr. Sapp, the State witness. On the 20th of November, 1910, they were coming in from Pineland on the log train; Mr. Sapp asked him if he could rustle him up something to drink when they reached Pineland, and he told him that he did not know, but would try. His testimony is practically the same as that of Mr. Sapp; perhaps identically the same up to the point of receiving the time checks. Appellant says he went to the negro quarters at the sawmill town, something like a quarter of a mile from the company's office, and upon reaching that point he hunted up George McCauley, and asked him if he could get something from him to drink. He, McCauley, told him he could furnish him some alcohol, and asked how much he wanted. Appellant told him he would take a quart, and gave him the two checks Mr. Sapp had given him. Appellant said he did not know what alcohol was worth per quart, but knew that he gave two checks of the value of one dollar each for the quart of alcohol he obtained from McCauley. He further says he had no interest in the transaction, nor in the sale, nor any interest in the profits of the sale in any way, and merely acted at the request of

Mr. Sapp and for his accommodation. That he made nothing out of this sale, and got nothing for his trouble; that after he bought the alcohol and took it to Mr. Sapp, Mr. Sapp gave him a drink. He had not promised him a drink before he went for same, but when he returned he did give him a drink, remarking that it would help his, appellant's, feeling. Mr. Sapp did not ask him where he was going to get the alcohol, or where he had got it; did not ask him anything about it.

George McCauley is shown to have resided at Pineland, and was there the day before the witness was testifying. Gilchrist testified that he was general woods-foreman of the Temple Lumber Company; that he knew appellant, and had known him for about five years; that he had been working continuously for him for nearly five years. He says: "I can state that he is a very industrious, law-abiding man. If he has ever been into any trouble before, I have not heard of it. He works every day that he is not prevented from some unavoidable cause, and has always made a splendid hand." He knew nothing of the transaction in regard to the purchase of the whisky. Pineland is in Sabine County. The county seat of that county is Hemphill. The situation of Pineland with reference to Hemphill is not shown in the record.

1. Appellant assigns as error the failure of the court to submit the issue to the jury of appellant acting as the agent of the purchaser Sapp, and if he acted as such agent and purchased the intoxicating liquor for Sapp and did not sell it himself to Sapp, and was not interested in the sale, that they should acquit him. In addition to excepting to the charge, he wrote out instructions and requested the court to give them to the jury, to the effect that if appellant was acting as the agent of the purchaser, and not interested in the sale, or connected with it in such manner as to make him guilty of selling, they should acquit. These requested instructions were promptly refused. This was error. This phase of the law was called for by the facts; not only so, but it was one of the two controlling issues in the case. If appellant sold the whisky he was guilty, or if he acted as agent for McCauley in selling the whisky, he was guilty, but if he bought it for Mr. Sapp as the agent of Mr. Sapp in the purchase, or as an accommodation to Sapp, he would not be guilty of violating the local option law, and the jury should have been so instructed.

2. There is another question in the case that upon another trial should receive attention. The information charges that one Bird, a negro about six feet high, mulatto or ginger cake color, the said party being a brakeman on the log train of the Temple Lumber Company, did unlawfully sell, etc. The court submitted the issue to the jury for the conviction of Byrd Johnson. There is nothing in the record to show that appellant was the man who is charged as one Bird, a mulatto or ginger cake colored negro, or that his name

was, when called upon to plead, ascertained to be Byrd Johnson. Under our statute, when the party is called upon to plead, he can enter a general plea of not guilty, and if he is not satisfied with the name set out in the pleadings, he can suggest such name under which he desires to be tried. If he suggests his real name, or a name different from that set out in the pleadings, this would be noted in the minutes of the court. There is nothing of this sort in the record. So far as the record is concerned, he plead not guilty as one Bird as charged. There is nothing in the record to show that he plead otherwise than to the name as one Bird. It is true, the court charged the jury that if they found Bird Johnson sold the whisky, they would convict him. We do not believe this is sufficient under our statute. The charge of the court should conform to the allegations set out in the complaint, and will not authorize the conviction of a party whose name was not charged in the information. Upon another trial this matter should be made to conform to the law as enacted by the Legislature.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*