JACK PHELPS v. THE STATE.

No. 18353.   Delivered October 14, 1936.

The opinion states the case.

*Walter T. Keith* and *George N. Lusch,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of five hundred dollars.

This a conviction for that form of aggravated assault denounced by Art. 1149, P. C., which in substance makes the driver or operator of a motor vehicle on a public highway guilty of aggravated assault if he shall "wilfully, or with negligence, as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any person."

The complaint and information charge the assault to have been made on Arlene Bristow.   She did not testify.   Mrs. Bristow testified that immediately after the accident she picked up "her little girl" and took her to the hospital.   She testified further that "her little girl's leg was broken."   No witness testified that the injured party's name was Arlene Bistrow, as alleged in the complaint and information.   Throughout the testimony the child who was injured in the accident was merely

referred to as the little girl. The failure to prove that the assault was made on Arlene Bistrow, as alleged, necessitates a reversal of the judgment. See Stewart v. State, 19 S. W., 908.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.