**Bobbie Gainer GRANT, Appellant,**

v.

**The STATE of Texas.**

**No. 684–97.**

Court of Criminal Appeals of Texas,
En Banc.

June 24, 1998.

Ernesto Barrientos, Conroe, for appellant.

Betty Marshall, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and PRICE, HOLLAND and WOMACK, Judges, joined.

Appellant was convicted of the misdemeanor offense of evading arrest. The information charging the offense stated, in relevant part, that appellant did: "then and there unlawfully and intentionally flee from *Officer Lawson*, a peace officer who Bobbie Grant knew to be a peace officer, who was attempting to arrest or detain Bobbie Grant." The evidence at trial identified the peace officer as "Lieutenant Craig Lawson." Appellant contends that the evidence at trial was insufficient to support his conviction because the State pled, but failed to prove, that Lawson's first name was "Officer." Appellant thus alleged a fatal variance between the charging instrument allegation and the proof of the complainant's name at trial. The Court of Appeals agreed with appellant's contention and reversed the conviction.[1] We will reverse the Court of Appeals.

---

1. Judge Baird does a fine job of explaining the law regarding variances, but he should go back and re-read the Court of Appeals' opinion. That court stated that the dispositive issue presented by the appeal was whether there was a fatal variance between the charging instrument and "proof of the complainant's *name*." (emphasis added.) The State did prove that Lawson *was* an officer; there is no suggestion to the contrary. The State just failed to prove that Lawson's *name* was "Officer." The court reversed appellant's conviction by reasoning: (1) "article 21.07 requires the State to allege ... the complainant's given name," (2) "Officer" was thus an allegation of Lawson's given name, (3) there was no evidence that "Officer" was Lawson's given name, (4) therefore, there was "a fatal variance between the charging instrument allegation and proof of the complainant's name." Judge Baird's reconfiguration of the issue as framed by the Court of Appeals "betrays a ... misunderstanding" of that court's opinion.

■ This case does not involve a "variance" of any type; it simply involves a missing allegation that is required by statute to be in the charging instrument. "Officer" is clearly Lawson's title rather than his first name; hence, his first name is missing from the information in violation of Texas Code of Criminal Procedure Article 21.07.[2] This missing first name is a defect that was waived under *Studer* when appellant failed to object. *See* Article 1.14(b); *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App.1990). Because "Officer" was not an allegation of Lawson's first name, the State was not required to prove that it was Lawson's first name.

The judgment of the Court of Appeals is reversed and this cause is remanded to that court for consideration of appellant's remaining points of error.

OVERSTREET, J., concurs in the result.

BAIRD, Judge, concurring.

The majority opinion betrays a complete and utter misunderstanding of the most fundamental tenet of criminal jurisprudence, namely that due process is violated when an indictment alleges one offense but the State proves another. *Ward v. State*, 829 S.W.2d 787, 794 (Tex.Cr.App.1992). In light of this misunderstanding, the majority states: "This case does not involve a 'variance' of any type ..." *Ante* at 22.[1] Instead, the majority frames the issue in the context of a defective charging instrument, *see*, *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), and holds that because appellant did not object prior to trial he may not complain on appeal. But the majority fails to recognize that appellant could not possibly have objected prior to trial because the variance was not evident until during trial. Consequently, *Studer* has no application whatsoever to the instant case.[2]

The majority opinion reflects an inability to recognize that the State bears the burden of proving what it alleged. Thankfully, the Court of Appeals correctly recognized the point of error as raising a variance issue. The Court of Appeals determined there was a variance, that the variance was fatal and ordered acquittal. *Grant v. State*, 944 S.W.2d 499, 501 (Tex.App.—Beaumont 1997). We granted review to consider whether that determination was correct. I offer this concurring opinion because the variance in the instant case was not fatal.

In *Stevens v. State*, 891 S.W.2d 649 (Tex.Cr.App.1995), we last considered a variance issue. Stevens was charged with aggravated sexual assault and the indictment used a pseudonym to name the complainant. *Id.*,

---

2. Although article 21.07 applies only to indictments, article 21.23 makes "the rules with respect to allegations in an indictment and the certainty required" applicable to informations.

1. Paradoxically, the majority praises this opinion as doing "a fine job of explaining the law regarding variances." *Ante* at 22, n. 1. However, the footnote only serves to underscore the majority's failure to understand the ground for review. The footnote suggests that there cannot be a fatal variance involving the complainant's name. Of course, that suggestion is belied by *Ward, supra*, where it was readily apparent the case involved a single burglary but we nevertheless found a fatal variance between the name alleged in the charging instrument, Seth Haller, and the proof at trial which established Steve Scott as the building's owner. 829 S.W.2d at 794. Similarly, in the instant case, appellant argued there was a fatal variance because the charging instrument alleged Officer Lawson, however the individual who testified at trial was Craig Lawson. The Court of Appeals agreed and found there was a fatal variance. *Grant*, 944 S.W.2d at 501.

2. *Deltenre v. State*, 808 S.W.2d 97 (Tex.Cr.App. 1991), is instructive. There the defendant was charged with escape. The indictment alleged:

that appellant '... did then and there intentionally and knowingly escape from the custody of Dave Fondren, a peace officer, after the said defendant had been convicted for the offense of burglary of a habitation, a felony.' *Id.*, 808 S.W.2d at 98. At trial, the proof adduced was the defendant had escaped from the custody of Dave Fondren, a jailer. The Court determined there was a fatal variance.

What is telling is there was no discussion of a defect in the indictment and this opinion was issued less than five months after *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), the "controlling" authority of the majority.

I pause to note that when the issue is one of *idem sonans*, an objection is required at trial to preserve the error. *See*, *Flanagan v. State*, 620 S.W.2d 591 (Tex.Cr.App.1981); and. *Martin v. State*, 541 S.W.2d 605 (Tex.Cr.App.1976). That is not the case here.

891 S.W.2d at 650. The Court began its analysis by stating:

As a general rule a variance between the indictment and the evidence at trial is fatal to a conviction. *Corley v. State*, 158 Tex. Crim. 207, 254 S.W.2d 394 (1952). This is because Due Process guarantees the defendant notice of the charges against him. *Ward v. State*, 829 S.W.2d 787, 794 (Tex. Cr.App.1992). Due Process is violated when an indictment alleges one offense but the State proves another. *Id.*

*Id.*, 891 S.W.2d at 650. The Court went on to explain:

However, not every variance between the evidence at trial and the indictment is fatal. In *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.1976), we explained: "The object of the doctrine of variance between allegations of an indictment is to avoid surprise, and for such variance to be material it must be such as to mislead the party to his prejudice." *Id.*, 536 S.W.2d at 381 (citations omitted). In other words, only a material variance is fatal.

*Id.*, 891 S.W.2d at 650. The issue in *Stevens* was whether the variance deprived Stevens of notice of the charges against him and the Court considered whether the variance worked to the detriment of the defendant. We determined:

The victim's legal name was provided to appellant in compliance with his motion seeking disclosure of the State's witnesses. Moreover, appellant, in his pre-trial motions, specifically referred to the victim by legal name. Pursuant to one such motion, the trial judge held a hearing at which time the victim testified to establish his competency to testify. Finally, the State filed notice of its intent to offer the outcry testimony of the victim to his mother. Tex.Code Crim. Proc. Ann. art. 38.072. Appellant objected and a pre-trial hearing was held. At the hearing all parties referred to the victim and his mother by their legal names. *Clearly, any variance between the indictment and the proof offered at trial did not operate to the appel-*

*lant's surprise or prejudice his rights. Plessinger*, 536 S.W.2d at 381. In other words, the variance was not material. (emphasis added)

*Id.*, 891 S.W.2d at 650.

In the instant case, there is no showing appellant was surprised or mislead as required by *Plessinger*, 536 S.W.2d at 381. The State's subpoena listed "Lt. Craig Lawson." The information alleged appellant evaded arrest from "Officer Lawson" and the proof at trial established appellant evaded arrest from "Lieutenant Craig Lawson." Therefore, even though there was a variance, it was not material and, consequently, not fatal to the conviction.

With these comments, I join the judgment but not the opinion of the Court.

MEYERS, Judge, concurring.

I concur. The majority repeats the Court of Appeals' mistake by focusing on the rules of pleading instead of addressing Appellant's claim regarding the sufficiency of the evidence. I write to explain the proper legal basis for the resolution of this case.

The Court of Appeals correctly stated that article 1.14(b) of the Code of Criminal Procedure provides that "[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding." Thus, although article 21.07 provides that "in alleging the name of the defendant, or any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the given name and the surname," the failure to allege a name in such a manner must be timely raised under article 1.14 or that pleading deficiency is waived.[1]

That said, however, the Court of Appeals confused the law pertaining to proper plead-

---

1. Appellant does not claim the indictment was so deficient it failed to establish jurisdiction. *Duron*

*v. State*, 956 S.W.2d 547 (Tex.Crim.App.1997).

ing with legal sufficiency of the evidence,[2] and a majority of this Court repeats that error. Article 21.07 sets forth certain pleading requirements, which are waived if not timely raised. The majority recognizes that the State's failure to include a first name or initials, as required by article 21.07, is a matter Appellant waived by failing to raise it prior to the day of trial. What the opinion fails to explain is that legal sufficiency of the evidence to prove the offense charged is an entirely different matter.

The proper standard of review for legal sufficiency is whether the evidence, when viewed in the light most favorable to the prosecution, allows any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[3] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We recently explained:

> [Legal s]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried ... [This standard] ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime[.]

*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim.App.1997). The indictment in this case alleges all of the elements of the offense charged but contains a defect in the way one of the elements is pled. Alleging "Officer" Lawson does not "state one or more of the

initials of the given name and the surname," as required by Article 21.07.[4]

Inclusion of the complainant's given name or initials would be legally accurate, and would adequately describe the particular offense. Inclusion of the given name or initials would neither unnecessarily increase the State's burden of proof nor unnecessarily restrict the State's theories of liability. Such an inclusion would also not offend federal due process requirements, as the record clearly demonstrates that Appellant had adequate notice of the complainant's identity, including his given name. Finally, inclusion of the given name or initials would not conflict with the indictment, as the indictment did not include any given name or initials but simply omitted them. The hypothetically correct jury charge would thus include the complainant's given name or initials. A review of the record demonstrates that the State put forth sufficient evidence to allow a rational jury to find that the officer from whom Appellant fled had the given name "Craig" or the first initial "C." For example, Officer Lawson testified that his first name is Craig. Other witnesses also testified that Officer Lawson's given name is Craig.

I concur in the reversal of the court of appeals' opinion, and in the majority opinion's conclusion that the proper course of action is to remand this case to the court of appeals to address Appellant's remaining grounds for review.

MANSFIELD, Judge, concurring.

Appellant, Bobbie Gainer Grant, was charged by information with the misdemeanor of evading arrest. Tex. Penal Code § 38.04.[1] Appellant never objected to the in-

---

2. While the court of appeals did not purport to do any evidentiary sufficiency analysis in its opinion, it must have performed an unwritten analysis because the court of appeals reversed the judgment of the trial court and entered an order of acquittal.

3. The essential elements of the crime of evading arrest are: (1) a person (2) intentionally flees (3) from a peace officer (4) with knowledge he is a peace officer (5) who is attempting to arrest defendant and (6) the attempted arrest is lawful. *See, e.g., Rodriguez v. State*, 578 S.W.2d 419 (Tex. Crim.App.1979); *Alejos v. State*, 555 S.W.2d 444

(Tex.Crim.App.1977) (extensive discussion of evading arrest).

4. While Article 21.07 of the Code of Criminal Procedure states that "it shall be sufficient to state one or more of the initials of the given name and the surname," we note that it would also be sufficient to state a given name and the surname.

1. The relevant part of the information read:

[T]hen and there unlawfully and intentionally flee from *Officer Lawson*, a peace officer who Bobbie

formation nor did he file a motion to quash. At trial, Officer Lawson testified and identified himself as "Lieutenant Craig Lawson." Other officers testified at trial and referred to him as "Lieutenant Lawson;" attorneys for the State and for appellant addressed him as "Officer Lawson" and continually referred to him as "Officer Lawson." The jury charge referred to him as "Officer Lawson." Because I believe there was a variance between the name of the complainant, Lawson, as stated in the information, and his true name, but that said variance was not fatal, I concur with the opinion of the Court.

At trial appellant moved for a directed verdict. Appellant argued in his motion there was a fatal variance between the State's evidence and the allegations in the charging instrument because

> the State charges in its information, that defendant did flee from a peace officer identified as "Officer Lawson." The evidence introduced by the State establishes "Officer" is not the State witness' Christian name but is nothing more than an appellation which describes or characterizes the person named in the information as the peace office whom defendant has been accused of evading.

The trial court denied appellant's motion, and the jury found appellant guilty as charged in the information. Appellant's punishment was assessed at 180 days confinement in the county jail and a fine of $300, probated for one year.

In his appeal before the court of appeals, appellant renewed his contention the evidence was insufficient to support his conviction because the State alleged but failed to prove, the complainant's first name was "Officer." The Court of Appeals reversed appellant's conviction and entered an order of acquittal, in a published opinion. *Grant v. State,* 944 S.W.2d 499 (Tex.App.—Beaumont, 1997) (Stover, J., dissenting).

The court of appeals, citing Texas Code of Criminal Procedure Article 21.07, held that the use of the complaining witness' correct surname only is insufficient under the statute [article 21.07].[2] It also rejected the State's contention that identifying the complaining witness by his correct last name with an identifying title, i.e., "Officer," is sufficient to comply with article 21.07, citing *Stewart v. State,* 31 Tex.Crim. 153, 19 S.W. 908 (1892) and *Johnson v. State,* 63 Tex. Crim. 457, 140 S.W. 337, 339 (1911). The court of appeals, finding no evidence in the record Lieutenant Craig Lawson was commonly known as "Officer Lawson," further held there was no issue of any variance as to the complainant's name for the jury to resolve guided by proper instructions. *See Blankenship v. State,* 785 S.W.2d 158 (Tex.Crim.App.1990). Therefore, the court of appeals concluded there was a fatal variance between the complainant's name stated in the information and evidence of his name introduced at trial.

We granted the State's petition for discretionary review to consider the sole ground for review raised therein:

> The Court of Appeals erred in holding the evidence was insufficient because the State failed to prove the complainant's given name was "Officer."

I note initially that article 1.14(b) provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any post-conviction proceeding.

Since the enactment of article 1.14 in 1985, this Court has construed its provisions strictly. We have held, however, that article 1.14 does not apply to a charging instrument that does not qualify as such because it fails to

---

Grant knew to be a peace officer, who was lawfully attempting to arrest or detain Bobbie Grant.

**2.** Article 21.07 provides:

In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the sur-

name. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment.

charge a "person" with an "offense." *Cook v. State,* 902 S.W.2d 471, 476 (Tex.Crim.App. 1995) (indictment failed to charge a named person with an offense); *Studer v. State,* 799 S.W.2d 263, 271 (Tex.Crim.App.1990); *Duron v. State,* 956 S.W.2d 547 (Tex.Crim.App.1997) (written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and sufficiency to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective) *Duron,* at 550–51, citing *Cook, supra,* at 483 (Maloney, J., concurring).

The above cases hold that the article 1.14(b) requirement to raise an objection to defects in a charging instrument before trial applies to *all* defects except those that are of constitutional magnitude under Texas Constitution, Article I, Section 10 and Article V, Section 12. Such defects must be of a magnitude to disqualify a charging instrument as being such under our constitution.

Turning to the present case, there is no doubt that the charging instrument meets constitutional standards: it names a person (appellant) and charges him specifically with an offense (evading arrest) described in the penal code. Appellant does not claim the charging instrument fails to contain information sufficient to enable him to prepare his defense. Assuming, *arguendo,* the information is defective for failing to identify the complainant by his proper first name, appellant's failure to object to such defect prior to commencement of trial forecloses him from raising it on appeal.

Furthermore, the variance between complainant's name as stated in the information and his true name is not the "fatal" variance contemplated by article 21.07. First, there is no doubt that "Officer Lawson" and "Lieutenant Craig Lawson" are the same person. There was no evidence at trial that either the State or appellant were surprised or misled as to the complainant's identity; appellant fails to show the variance prejudiced him in

---

**3.** A different result might occur where the evidence at trial clearly establishes the complainant was a different person than that named in the indictment. Assuming the article 1.14 requirement of timely objecting to such a variance is not applicable, defendant may well be entitled to

any way. *See Stevens v. State,* 891 S.W.2d 649, 651 (Tex.Crim.App.1995); *Blankenship v. State, supra,* at 159–160. To find that, under these facts and circumstances, article 21.07 mandates reversal of appellant's conviction and sentence would be an absurd result not intended by the legislature. *See Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App. 1991).[3]

With these comments, I concur with the opinion of the Court.

reversal of his conviction on appeal due to legal and factual insufficiency of the evidence. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996).