**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00330-CR**
_____

**DONALD RAY REDMOND JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Liberty County, Texas**
**Trial Cause No. 105756**

**MEMORANDUM OPINION**

A jury convicted appellant Donald Ray Redmond Jr. of evading arrest or detention as a prior felony offender and assessed punishment at three hundred sixty-five days of confinement in the county jail and a $4000 fine. In two appellate issues, Redmond contends that the trial court erred by denying his motion for directed verdict and argues that trial counsel provided ineffective assistance. We affirm the trial court's judgment.

1

BACKGROUND

Redmond was charged with intentionally fleeing from "Officer Walter," a person Redmond knew was a peace officer who was attempting lawfully to arrest or detain him. At trial, Randall Walter testified that he is a patrol officer with the Liberty Police Department. Walter testified that while he was patrolling in a marked patrol unit on November 6, 2017, he received a call from dispatch regarding a vehicle that was suspected to contain narcotics. Walter found a vehicle that matched the description provided by dispatch, and he began to monitor the vehicle. According to Walter, before the camera in his vehicle clicked on, he saw "the vehicle merge all the way to the right and cross over the center line[,]" and he testified that failure to maintain a single lane constitutes a traffic offense. Walter testified that he saw Redmond's sedan pass the designated stopping point or intersection, which is also a traffic offense, and Walter initiated a traffic stop.

Walter testified that when he pulled Redmond over, Redmond was alone in the vehicle. Walter explained that when Redmond got out of the vehicle, he had a small dog, and Redmond picked the dog up and held onto it. According to Walter, Redmond had a metal Yeti cup with a lid in his other hand. During trial, Walter identified Redmond as the driver of the vehicle. Walter directed Redmond to the back of the car and noted that Walter's "body actions were indicating nervousness."

2

Walter explained that Redmond eventually gave him the Yeti cup, and Walter could see a dark object on top of yellow liquid inside the cup, so he opened the cup and saw what he believed to be "several different types of narcotics[.]" Walter testified that Redmond "spiked the dog on the ground and took off running." Walter and another officer followed Redmond and eventually arrested him. The video from the traffic stop was admitted into evidence and published to the jury. Walter explained that the video shows that Redmond stopped past the designated stop line.

Defense counsel lodged an oral motion to suppress, asserting that there was no legal basis for the warrantless stop. The State argued that Officer Walter testified that he saw Redmond commit traffic violations. The trial judge denied the motion to suppress. Defense counsel did not object to the proposed guilt-innocence charge. The jury convicted Redmond of evading arrest or detention and assessed punishment at three hundred sixty-five days of confinement in the county jail and a $4000 fine, and the trial judge pronounced sentence in accordance with the jury's verdict.

## ISSUE ONE

In issue one, Redmond contends that the trial court erred by denying his motion for directed verdict. Specifically, Redmond argues that the State "failed to prove the identity of the law enforcement officer as specifically alleged on the face of the charging instrument[.]" Redmond argues that the evidence was legally

3

insufficient because there was a variance between the allegations in the indictment and the proof at trial. According to Redmond, "[t]he State does not name Randall Walter in the charging instrument, and it was never amended," and "the record does not clarify or explain . . . that in fact Officer Walter and the witness Randall Walter are the same person." According to Redmond, the State must prove the identity of the specific law enforcement officer who was lawfully discharging his duties when Redmond fled. Redmond further asserts that "[w]hat is at issue is whether the deficiently drafted charging instrument would subject appellant to the risk of being prosecuted later for the same crime." Redmond maintains that there is "zero evidence of Officer Walter lawfully attempting to detain the appellant."

"We treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence." *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh

4

the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

A person commits the offense of evading arrest "if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a). Randall Walker testified that he is a patrol officer with the Liberty Police Department, and that he was driving a marked patrol unit when he stopped Redmond's vehicle. The video of the stop showed that Walker was in uniform. Walker explained that when Redmond gave him the Yeti cup and Walker saw that it contained narcotics, Redmond fled and was eventually arrested when Walker and another officer pursued him.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found Redmond guilty of evading arrest beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Hooper,* 214 S.W.3d at 13. In addition, the allegation in the charging instrument that Redmond fled from "Officer Walker" was not a variance; rather, it merely involves a missing allegation. *See Grant v. State*, 970 S.W.2d 22, 22-23 (Tex. Crim. App. 1998). The charging instrument merely omitted Walker's first name, and Redmond waived this defect by failing to object to it at trial. *See id*. at 23 (holding that "officer" as stated in the charging instrument was clearly the officer's title rather than his first name, the

5

omission of the officer's first name from the charging instrument was not a variance, and appellant waived the defect by failing to object at trial). We conclude that the evidence was legally sufficient to support the verdict. Therefore, the trial judge did not err by overruling Redmond's motion for directed verdict. Accordingly, we overrule issue one.

## ISSUE TWO

In issue two, Redmond argues that trial counsel's failure to request a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure, object to the charge, and call any witnesses constituted ineffective assistance. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (providing that evidence obtained in violation of the U.S. or Texas Constitution is inadmissible).

To establish ineffective assistance, Redmond must satisfy the following test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the

6

alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Id.*

The record does not indicate that Redmond filed a motion for new trial to allege ineffective assistance. The record is silent as to trial counsel's strategies and tactics. *See Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). Moreover, Redmond cannot demonstrate that, but for counsel's alleged errors, the outcome of his trial would have been different. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). Nor is this a case in which trial counsel's ineffectiveness is apparent from the record. *See Freeman v. State*, 125 S.W.3d 505, 507 (Tex. Crim. App. 2003). Under these circumstances, Redmond cannot defeat the strong presumption of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. We overrule issue two. Having overruled both of Redmond's issues, we affirm the trial court's judgment.

AFFIRMED.

$\underline{\hspace{5cm}}$
STEVE McKEITHEN
Chief Justice

Submitted on October 2, 2019
Opinion Delivered October 30, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.