IN THE
TENTH COURT OF APPEALS
No. 10-19-00201-CR


DEVIN LAMARCUS DIGGS,

                                        Appellant

 v.

THE STATE OF TEXAS,

                                        Appellee

From the County Court at Law
Hill County, Texas
Trial Court No. M0063-19

## DISSENTING OPINION

We stand at the confluence of at least three great rivers of precedents; and it is raining really, really hard. We are in danger of being swept away by the State's confession of error without adequate briefing and analysis. I hope to throw out a life raft, a dingy in the form of this little ditty.

The rivers of precedents that converge here are:

1) Sufficiency of the evidence review under the *Jackson* standard as developed and applied in *Malik*, *Gollihar*, *Fuller*, *Cada*, and *Byrd*;

2) Defective charging instruments and the need to quash them before trial as developed in *Studer* and *Jenkins*; and

3) Double Jeopardy as developed in *Bailey* (and about a thousand others).

The rain that seems to be impairing a proper view of our dangerous predicament is an alleged variance between the pleading and proof, and the State's confession of purported error.

One comment about the facts is necessary to allow a proper focus on the precedents. On the face of the information, there is an indication that the charge is for "POSS CS PG3 < 28G" which is also the offense to which Diggs pled nolo contendere and for which he was convicted. Remember, this is a misdemeanor, so his plea of nolo contendere is sufficient evidence of his guilt; independent evidence is not necessary. *See Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986) ("…normally on appeal from a misdemeanor conviction based on a plea of guilty or nolo contendere there can be no question of the sufficiency of the evidence."); *see also* TEX. CODE CRIM. PROC. art. 27.14(a).

Whether the specific compound in Penalty Group 3 has to be alleged in the information is immaterial to my analysis. Whether or not it is a required averment, the disposition of this issue is controlled by the Court of Criminal Appeals' opinion in *Grant* and should be dispatched with equal brevity as Presiding Judge Keller's analysis therein:

> This case does not involve a "variance" of any type; it simply involves a missing allegation that is required to be in the charging instrument…The missing first name is a defect that was waived under *Studer* when appellant failed to object. *See* Article 1.14(b); *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990).

*Grant v. State*, 970 S.W.2d 22, 23 (Tex. Crim. App. 1998). With equally quick dispatch, I would hold that this case does not involve a variance. At most, the information was defective; but it was not objected to and, thus, any error was waived. Moreover, a defect in the information is not the complaint on appeal.

The complaint on appeal is insufficiency of the evidence which is dependent upon the unpreserved error of a potential defect in the information. But if I had to address this as a sufficiency issue under the rubric of *Malik*, *Gollihar*, *Fuller*, *Cada*, and *Byrd*, I would conclude that a hypothetically correct jury charge necessarily relies upon a hypothetically correct charging instrument. Otherwise, we allow through the back door what we now categorically refuse to let enter through the front door: unpreserved defects in the charging instrument. That is precisely what we have done if this information can be attacked in this case as a variance. There is no question that the "evidence," the plea, is sufficient to support the conviction for possession of a controlled substance Penalty Group 3, less than 28 grams. The evidence is "insufficient" only if you attempt to measure the sufficiency against the defective charging instrument and limit it to the formal content of the information and not to all the content on the face of the information. Such an analysis is directly contrary to *Jenkins* in which we are directed to examine the charging instrument "as a whole." *Jenkins v. State*, No. PD-0086-18, 2018 Tex. Crim. App. LEXIS 1162, at *6-14 (Crim. App. Dec. 5, 2018) (publish). I would overrule appellant's first issue.

Appellant's second issue attacks the trial court's overruling of the motion to

suppress.[1] Appellant argues the road-side search was illegal because it was unnecessarily delayed. We should dispatch this issue with even greater brevity than the first. The car was searched with the driver's consent which was never withdrawn.

Absent some other argument not made by appellant, such as the scope of the driver's consent did not extend to the backpack of the passenger, unrevoked consent to search ends the suppression analysis. *See e.g. Estrada v. State*, 30 S.W.3d 599, 605 (Tex. App.—Austin 2000, pet. ref'd) ("Because the search at the station was a continuation of the search begun beside the highway, to which appellant gave his voluntary and unrevoked consent, the question of probable cause [to search] is again irrelevant.") I would, therefore, overrule appellant's second issue.

Having overruled all of appellant's issues, I would affirm the trial court's judgment. Because the Court reverses the judgment and acquits appellant, I respectfully dissent.[2]

<div style="margin-left: 40%;">

TOM GRAY
Chief Justice

</div>

Dissenting opinion delivered and filed February 26, 2020



---

[1] Clearly, the trial court authorized the appeal of this issue. There is some question of whether the "permission" to appeal extended to appellant's first issue.

[2] A collateral consequence of this analysis is that the can-of-worms that is the precedent for whether a subsequent prosecution for possession of the same three Tylenol-with-Codeine pills can be accomplished would thus, not be opened.

**APPENDIX**

**CITATIONS OF REFERENCED CASES NOT FULLY CITED IN DISSENTING OPINION**

1. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)

2. *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)

3. *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001)

4. *Fuller v. State*, 73 S.W.3d 250 (Tex. Crim. App. 2002)

5. *Cada v. State*, 334 S.W.3d 766 (Tex. Crim. App. 2011)

6. *Byrd v. State*, 336 S.W.3d 242 (Tex. Crim. App. 2011)

7. *Bailey v. State*, 87 S.W.3d 122 (Tex. Crim. App. 2002)