In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00424-CR

JUAN JAVIER GARCIA-VAZQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 18-09-13112-CR**

_____

**MEMORANDUM OPINION**

A jury found Juan Javier Garcia-Vazquez guilty of online solicitation of a minor and sentenced him to incarceration for seven years in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 33.021(c). Garcia-Vazquez argues that he was harmed when the trial court denied his request for a jury instruction on entrapment and by excluding evidence that prevented him from presenting a full defense. Garcia-Vazquez also contends there was a fatal

1

variance between the facts alleged in the indictment and those proven at trial. Therefore, there was insufficient evidence to support his conviction. For the reasons explained below, we affirm.

## Background

A Detective with the Montgomery County Precinct One Constable's Office testified that he works in the Internet Crimes Against Children Task Force. The Detective explained that the task force performs "chat operations" in a proactive attempt to "put yourselves between actual victim and predator, put ourselves in the middle and hopefully get the predator to contact us instead." He testified that he uses either a digital classified message board or messaging application to create accounts pretending to be a minor. He stated that he tries to keep the ad "as generic as possible" and waits to see if people will respond to the ad. He uses the picture of a female officer in his office and uses filters to make the officer appear younger.

In September 2018, the Detective created an account on an internet classified messaging board.

### Bored Girl Here

Hey everyone…...just chilling here and ready to get home to get high. I hate stressful days and I hate how the weather [has] been this last weekend. So depressing… HMU kik lisa13martinez.

The listing showed that "lisa13martinez" was in Conroe. The detective explained he did not mention sex in the ad because he did not "want to start a sex conversation.

2

So, the people -- we would follow something like -- they have to bring up their own sex conversation before we would do it." According to the detective, about a dozen people including Garcia-Vazquez responded to the ad. No one other than Garcia-Vazquez tried to solicit sex. The detective said that when someone communicates through the messaging app, he tries to put the minor's age out as soon as possible. This alerts the other person that "lisa13martinez" is a minor, and if they do not want to talk to a minor, they can "keep on going." He testified that once indicated that "lisa13martinez" was fourteen, everyone stopped talking to him except Garcia-Vazquez. He kept a record of the communication between "lisa13martinez" and Garcia-Vazquez. Copies of the messages were admitted at trial. In the messages, Garcia-Vazquez initiates the conversation and asks "lisa13martinez" to hookup. "[L]isa13martinez" then tells Garcia-Vazquez that she is "14[.]" Garcia-Vazquez stated that he must have the wrong person and the conversation ended for that day. The next day, Garcia-Vazquez initiated the conversation again, and when "lisa13martinez" responds she thought he was not interested because of her age, he asked if she is looking "to hookup[.]" Garcia-Vazquez then asked if she has "been with someone before[]" and "was [the other person] older than you or the same age?" The conversation continued, and Garcia-Vazquez stated that he wanted to see "lisa13martinez" as soon as possible and asked her if she had a "place" or if "you need me to pick you up and get a room?" She told him again that she is "14" and

3

lives with her parents but was available after 5 o'clock. Garcia-Vazquez then described the sexual acts he wanted to perform on "lisa13martinez". During this conversation, he asked "lisa13martinez" for pictures and received four photos. Garcia-Vazquez asked for her address and said he could meet that day. Garcia-Vazquez then told "lisa13martinez" the following,

> But imma be honest. Im a little scare[d] cuz of you being underage. I can go to jail for that .. I have never been with a under age before. I had friends under age before and [I] have never been with them even if they wanted to have sex with me. But [I] like you[.] But you want to, right? [ ]You want to have sex with me, right?

> Garcia-Vasquez asked if she was a cop, and the officer responded she was not.

Garcia-Vazquez described the type and color of vehicle he would be driving and sends real time text messages to her about his pending arrival to her apartment. According to the detective, when Garcia-Vazquez's vehicle pulled into the agreed meeting place, they arrested him.

Garcia-Vazquez testified that in September 2018, he was looking for sex, "but never with a minor." He stated that he has never tried to have sexual conduct with a minor. Garcia-Vazquez created profiles on websites looking to have sex with women his "age or older." He testified about several profiles he created on various websites seeking to have sexual intercourse with women all over the age of eighteen. A screenshot of a profile of a woman named "Lisa Martinez" was admitted into evidence, and Garcia-Vazquez stated this was the woman he believed he was

4

messaging when he messaged "lisa13martinez". When "lisa13martinez" told him she was fourteen, he testified that he stopped talking to her because he believed she was too young, but later was not unsure because he believed she was the profile of "Lisa Martinez" he found earlier. When he received pictures from "lisa13martinez" he still believed it was the woman in the other profile. He testified that when he arranged to meet and have sex with "lisa13martinez[,]" it was "to confirm [she] wasn't a minor…I would never do it with a minor." He admitted he solicited sex but maintained it was never with a minor.

A video of Garcia-Vazquez's custodial interrogation was played to the jury and transcribed into the reporter's record. In the video, Garcia-Vazquez admits that he knew "lisa13martinez" was a minor and that he was going to meet up with her to have "fun" or "[t]rying to have some – something, I think, sexually[.]" He admitted that he brought condoms and wanted to have sexual intercourse with her that day.

At the conclusion of evidence, the jury found Garcia-Vazquez guilty of online solicitation of a minor and sentenced him to incarceration for seven years. He timely filed this appeal.

**Issue One**

In his first issue, Garcia-Vazquez contends that the trial court erred by refusing to submit the requested instruction on the defense of entrapment to the jury.

5

Garcia-Vazquez contends that he did not engage in the conduct in question and that he was induced by the detective to meet for a sexual encounter.

By statute, entrapment is a defense to prosecution when the defendant contends he "engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense." Tex. Penal Code Ann. § 8.06(a); *see Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005). Under Texas law, a defendant has the burden of producing evidence to raise the defense of entrapment at trial, and the defendant must present a prima facie case that:

1) he engaged in the conduct charged;
2) because he was induced to do so by a law enforcement agent;
3) who used persuasion or other means; and
4) those means were likely to cause [ordinarily law-abiding people] to commit the offense.

*Hernandez*, 161 S.W.3d at 497–99; *see also* Tex. Penal Code Ann. § 8.06. "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." Tex. Penal Code Ann. § 8.06(a). The entrapment defense consists of two tests: the first is subjective, and the second is objective. *See England v. State*, 887 S.W.2d 902, 910 (Tex. Crim. App. 1994). The subjective test is satisfied only if, but for the law enforcement agent's inducing conduct, the defendant would not have committed the crime. *See id.* at 912. The objective test is satisfied only if the law enforcement agent's conduct "was such as to cause an ordinarily law[-]abiding

6

person of average resistance nevertheless to commit the offense." *Id*. at 914; *Flores v. State*, 84 S.W.3d 675, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The defense of entrapment, when raised, is normally a question for the jury to decide. *See Hernandez*, 161 S.W.3d at 498.

A jury charge on a defensive issue is required if properly requested and if evidence from any source raises that defense. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). In determining whether the evidence raises the defense, the credibility of the evidence is not at issue; the evidence "may be either strong, weak, contradicted, unimpeached, or unbelievable." *Id*. When the evidence fails to raise a defensive issue, the trial court does not err in refusing the defendant's request. *Id*.

We have reviewed the record, and we conclude that the trial court did not err in refusing Garcia-Vazquez's request. The evidence shows that the original post by the Detective did not contain any sexually explicit content and Garcia-Vazquez, along with many others, voluntarily responded to the request. The Detective testified that once the other respondents to the post learned "lisa13martinez" was underage, all, except Garcia-Vazquez, stopped responding. Exhibits containing the messages between Garcia-Vazquez and "lisa13martinez" were introduced into evidence. Although Garcia-Vazquez was told in the first communication with "lisa13martinez" that she was only fourteen, Garcia-Vazquez continued the communications, and sent "lisa13martinez" sexually explicit

7

messages and texts, as well as photos of himself. He initiated and voluntarily continued to correspond with "lisa13martinez" and later asked her to meet and have sex. At the time he sent such posts, he committed the offense of online solicitation. Nothing in the record indicates that Garcia-Vazquez was either subjectively or objectively induced by the detective to commit the offense by such persuasion that would cause an ordinarily law-abiding person of average resistance to commit the crime of online solicitation of a minor. *See* Tex. Penal Code Ann. § 8.06(a); *England*, 887 S.W.2d at 908. Because no evidence of such inducement was introduced at trial, the evidence did not raise the defense of entrapment. Therefore, Garcia-Vazquez was not entitled to a jury instruction on the defense of entrapment. We overrule his first issue on appeal.

## Issue Two

In his second issue, Garcia-Vazquez argues that the trial court erred because it "denied Appellant his right to present a full defense when it excluded portions of Defendant's Exhibits 6 and 7 and Defendant's Exhibits 8 and 9 in their entirety." Specifically, Garcia-Vazquez contends the trial court erred when it excluded evidence of Garcia-Vazquez searching for women over the age of twenty-four on other websites, rebutting the State's theory that he was searching the internet to have a sexual encounter with a minor.

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta,* 467 U.S. 479, 485 (1984)) (other citations omitted). Therefore, the fact that a defendant is not allowed to present his case to the extent or in the manner he may desire does not rise to constitutional error when the defendant was not prevented from presenting the "substance of his defense" to the jury. *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (citations omitted); *see also* Tex. R. App. P. 44.2(a). Erroneous evidentiary rulings rarely constitute a denial of the constitutional right to present a meaningful defense. *Williams v. State*, 191 S.W.3d 242, 257 (Tex. App—Austin 2006, no pet.) (citations omitted). The right to present a complete defense is a violation of due process and results in constitutional error, as such we conduct a harm analysis. *Holmes v. State*, 323 S.W.3d 163, 173 (Tex. Crim. App. 2010). "These constitutional errors are reviewable for harm under Texas Rule of Appellate Procedure 44.2(a), which requires us to reverse unless we are convinced, beyond a reasonable doubt, that they did not contribute to the jury's verdict." *Kelly v. State*, 321 S.W.3d 583, 595 (Tex. App.—Houston [14th Dist.) 2010, no pet.) (citing Tex. R. App. P. 44.2(a)); *see also* *McDaniel v. State*, No. 10-20-00091-CR, 2021 WL 3667237, at *6 (Tex. App.— Waco Aug. 18, 2021, no pet.) (mem. op., not designated for publication) (citing

9

*Potier*, 68 S.W.3d at 666) ("An evidentiary ruling that denies a criminal defendant the constitutional right to present a complete defense is subject to a harm analysis.").

At trial, Garcia-Vazquez sought to admit screenshots of websites demonstrating he actively sought women over eighteen to have sexual intercourse. The trial court allowed screenshots of the first page Garcia-Vazquez's profiles from one website to be admitted at trial and excluded screenshots of others. The screenshots admitted showed Garcia-Vazquez's profile, but the trial court excluded screenshots from other portions of those profiles demonstrating that he looked for "a woman" between the ages of "26" and "44[.]" The trial court refused to admit additional screenshots from other websites.

Assuming without deciding that the trial court erred by excluding the evidence, we find no harm. *See Kelly,* 321 S.W.3d at 595; *McDaniel*, 2021 WL 3667237 at *6. On appeal, Garcia-Vazquez argues this evidence was necessary to rebut the State's theory that he actively sought minors for sexual intercourse. Garcia-Vazquez was not denied an opportunity to present a defense because he presented the information elsewhere through his testimony that he sought women "his age or older" and that he had age restrictions profiles he created. *See Torres v. State*, No. 04-16-00622-CR, 2017 WL 5759380 at *11-12 (Tex. App.—San Antonio Nov. 29, 2017, no pet.) (mem. op., not designated for publication) (holding that the appellant did not demonstrate harm for failure to submit a complete defense because the

excluded evidence was cumulative of other evidence admitted elsewhere in the trial). As such, we overrule his second issue.

## Issue Three

In his final issue, Garcia-Vazquez argues the evidence is insufficient to support his conviction because there is a fatal variance between the indictment's allegations and the evidence presented at trial. According to Garcia-Vazquez, the indictment alleges that the detective is a minor and that he solicited the detective for sexual conduct. Additionally, the jury charge contains the same information, identifying the detective as the minor solicited for sexual conduct. Garcia-Vazquez acknowledges that a pseudonym can be used in a case such as this but argues that a pseudonym was not alleged in the indictment or the jury charge. The State contends that Garcia-Vazquez has failed to show a "material" variance between the indictment and the proof at trial, and the evidence is sufficient to support his conviction. According to the State, Garcia-Vazquez knew "lisa13martinez" was a detective because he admitted he was tricked by a cop into conversing with her. Finally, the State argues that the evidence demonstrates that "lisa13martinez" and the detective are the same person, protecting Garcia-Vazquez from double jeopardy.

Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v.*

11

*Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. The sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict its theories of liability, and adequately describes the offense for which the defendant was tried. *Id*.

A variance occurs when there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). In conducting an evidentiary-sufficiency analysis, we consider two types of variances: material and immaterial. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). Because immaterial variances do not affect the validity of a criminal prosecution, a hypothetically correct jury charge need not incorporate allegations that give rise to only immaterial variances. *Id*. A variance is fatal when it is a material variance that prejudices the substantial rights of the defendant. *Gollihar v. State*, 46 S.W.3d 243, 247-48 (Tex. Crim. App. 2001). In determining whether a variance is material, we examine whether the indictment informed the

defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether the indictment would subject him to the risk of being prosecuted later for the same crime. *See id.* at 248. When arguing variance, the burden of demonstrating surprise or prejudice rests with the defendant. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).

> A person commits the crime of online solicitation of a minor if
>
> the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(c). Section 33.021(a) defines a "minor" as "(A) an individual who is younger than 17 years of age; or (B) an individual whom the actor *believes* to be younger than 17 years of age." *Id*. § 33.021(a) (emphasis added). Garcia-Vazquez was charged with online solicitation of a minor and the indictment read as follows,

> that Juan Javier Garcia-Vazquez, on or about September 27, 2018, and before the presentment of this indictment, in the County and State aforesaid, did then and there, knowingly solicit over the internet or by text message or by electronic mail or by a commercial online service or other electronic message service or system [the Detective], a minor, to meet the defendant, with the intent that [the Detective] would engage in sexual contact or sexual intercourse or deviate sexual intercourse with the defendant[.]

13

The jury charge contained the following language,

> Now if you find from the evidence beyond a reasonable doubt that on or about September 27, 2018, in Montgomery County, Texas, the Defendant, Juan Javier Garcia-Vazquez, did then and there knowingly solicit over the internet or by text message or by electronic mail or by a commercial online service or other electronic message service or system [the Detective], a minor, to meet the defendant, with the intent that [the Detective] would engage in sexual contact or sexual intercourse or deviate sexual intercourse with the defendant, then you will find the Defendant guilty of the offense of Online Solicitation of a Minor as charged in the indictment.

> If you do not so find, or if you have a reasonable doubt thereof, you will find the Defendant not guilty.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found Garcia-Vazquez guilty of online solicitation of a minor beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 13. There is not a variance in the indictment and the evidence presented at trial. *See Grant v. State*, 970 S.W.2d 22, 23 (Tex. Crim. App. 1998) (noting there was no variance because the alleged variance was not an element of the crime the State was required to prove). Similarly, the statute does not require that person communicating with Garcia-Vazquez be a minor. The statute specifically states that online solicitation of a minor occurs if the individual "*believes* [the other person] to be younger than 17 years of age." Tex. Penal Code Ann. § 33.021(a) (emphasis added). The evidence demonstrated that Garcia-Vazquez believed that "lisa13martinez" was a minor and that he solicited sexual conduct from someone he

14

believed was a minor. The identity of the person in the indictment is not an essential element of the charge and therefore, there is not a variance if the person identified is not actually a minor.

Additionally, even assuming that there was a variance, we conclude that any alleged variance was not prejudicial to Garcia-Vazquez's substantial rights and was, therefore, immaterial, because Garcia-Vazquez does not contend that the indictment led to an inability to defend against the charge or indicate how the alleged variance could subject him to the risk of being prosecuted for the same offense. *See Gollihar*, 46 S.W.3d at 247-48. Garcia-Vazquez has failed to demonstrate that he was unaware that the detective was "lisa13martinez" and his testimony in the video demonstrates that he knew and believed he was tricked by the police. He also failed to show that he is at danger for being prosecuted for the same crime again. *See id*.; *Hernandez v. State*, No. 01-16-00453-CR, 2017 WL 6327371, at *2-3 (Tex. App—Houston [1st Dist.] Mar. 7, 2018, pet. ref'd) (mem. op., not designated for publication). We overrule Garcia-Vazquez's last issue.

### Conclusion

We overrule all Garcia-Vazquez's issues and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 21, 2021
Opinion Delivered November 17, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.